IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CINDY VALDEZ and KADIJAH BALANCE, | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-874 |
| MANGUM RESTAURANT GROUP INCORPORATED d/b/a SUNSET STRIP, DAVID NORIA, DAVID FAIRCHILD, and LLOYD ACE | § § § § § § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   The parties exchanged drafts of this filing and conferred via email on May 23, 2022.

   Counsel for Plaintiffs: Leigh S. Montgomery
   Counsel for Defendants: James V. Pianelli, Casey T. Wallace and Benjamin Allen.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Specify the allegation of federal jurisdiction.

   This case is brought by Plaintiffs Cindy Valdez and Kadijah Balance against Defendants pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 206 § 203, and § 207 *et seq.* ("FLSA"). Plaintiffs contend that Defendants own and operate a nightclub that offers exotic dancing as entertainment. To perform this service, Plaintiffs contend Defendants employed Plaintiffs, mis-classified them as independent contractors, and failed to pay them any compensation in violation of § 206 and § 207, as well as improperly took their tips in the form of forced fees, fines and coerced tips, in violation of § 203(m).

       Defendants deny the allegations and contend that the Plaintiffs were properly classified as independent contractors, *see, e.g. Nelson v. Tex. Sugars, Inc.,* 838 Fed. Appx. 39 (5th Cir. 2020). Defendants deny that they are owed any wages or are entitled to any damages.

4. Name the parties who disagree and the reasons.

    None.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    None.

6. List anticipated interventions.

    None.

7. Describe class-action issues.

    None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    Parties agree to exchange Rule 26(a)(1) Initial Disclosures fourteen days after the filing of this Joint Discovery Case Management Plan.

9. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    The Parties are not seeking any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiffs will conduct discovery on their claims, including liability, damages, and Defendants' defenses. Defendants will conduct discovery to determine the grounds, if any, for Plaintiffs' claims and the circumstances underlying the allegations in Plaintiffs' live Complaint.

    The Parties agree that discovery requests and responses can be served electronically via electronic mail. The Parties agree that electronic service shall constitute proper service in this case.

    Plaintiffs request that Defendants take all steps to preserve electronic data. Defendants likewise request that Plaintiffs take all steps to preserve any electronic data or documents that may be relevant to their claims.

B.    When and to whom the plaintiff anticipates it may send interrogatories.

    Plaintiffs anticipate serving interrogatories to Defendants consistent with the Federal Rules of Civil Procedure and the local rules of this Court before the close of discovery.

C.    When and to whom the defendant anticipates it may send interrogatories.

    Defendants anticipate sending interrogatories to Plaintiffs as well as any opt-in Plaintiffs who may attempt to join before the close of discovery.

D.    Of whom and by when the plaintiff anticipates taking oral depositions.

    Plaintiffs anticipate taking a 30(b)(6) deposition of the corporate Defendants, the depositions of any individual with knowledge of relevant facts, and any qualified experts timely and properly designated by either party. These depositions can be completed before the close of the discovery period.

E.    Of whom and by when the defendant anticipates taking oral depositions.

    Defendants anticipate deposing Plaintiffs, individuals identified by Plaintiffs as having knowledge of Plaintiffs' claims, all opt-in Plaintiffs who may attempt to join this matter, and any experts identified by Plaintiffs. These depositions can be completed before the close of the discovery period.

F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

    The Parties agree that the only experts they will need are for purposes of establishing attorney's fees if Plaintiffs are the prevailing party. Accordingly, the Parties agree that there is no need to designate attorney fee experts as would otherwise be required under Rule 26.

G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

    None.

       H.      List expert depositions the opposing party anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).

          None.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    The Parties agree to the proposed discovery plan.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

12. State the date the planned discovery can reasonably be completed.

    The Parties believe that discovery can be completed by February 29, 2024.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The Parties believe that discussions regarding potential resolution of this case would be appropriate after an initial round of written discovery has been exchanged and after fact witnesses have been deposed.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have been in discussion, though counsel, to determine if the case can be promptly settled. Documents are being gathered to determine the number of hours and shifts worked and fees paid for exchange amongst counsel.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    The Defendants have filed a Motion to Compel Arbitration on May 19, 2023. *See* Doc. Entry 14. Plaintiffs' counsel has indicated they will draft a proposed joint order to be submitted to the Court with respect to moving this case to arbitration.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The Parties have not reached a joint position on trial before a magistrate judge. Further, Defendants have filed a Motion to Compel Arbitration.

17. State whether a jury demand has been made and if it was made on time.

    To date, neither party has made a jury demand in this action.

18. Specify the number of hours it will take to present the evidence in this case.

    With the two Plaintiffs, Plaintiff would estimate a 3 to 4 day trial for this case.

    Defendants estimate that this action will take 16-24 hours at trial.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Defendants' Motion to Compel Arbitration Pursuant to 9 U.S.C. § 4. (Doc. 14).

20. List other motions pending.

    None at this time.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None at this time.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

    [See next page]

Leigh S. Montgomery
Texas Bar No. 24052214
Jarrett L. Ellzey
Texas Bar No. 24040864
Alexander G. Kykta
Texas Bar No. 24107841
ELLZEY & ASSOCIATES, PLLC
1105 Milford Street
Houston, Texas 77066
Tel: (713) 554-2377
Fax: (888) 995-3335
jarrett@ellzeylaw.com
leigh@ ellzeylaw.com
alex@ellzeylaw.com

**ATTORNEYS FOR PLAINTIFFS**

James V. Pianelli (Attorney-in-Charge)
State Bar No. 15966740
Federal I.D. No. 11557
Pianelli Law Firm
10370 Richmond Ave., Suite 1300
Houston, Texas 77042
Telephone: (713) 501-4815
Facsimile: (713) 868-9393
Jvp1000@aol.com

**ATTORNEY IN CHARGE FOR DEFENDANTS**

**OF COUNSEL FOR DEFENDANTS:**
Casey T. Wallace
State Bar No. 00795827
Federal I.D. No. 20117
Benjamin W. Allen
State Bar No. 24069288
Federal I.D. No. 1058996
Wallace & Allen, LLP
440 Louisiana St., Suite 590
Houston, Texas 77002
Tel: (713) 227-1744
Fax: (713) 600-0034
cwallace@wallaceallen.com
ballen@wallaceallen.com

*/s/ Leigh S. Montgomery*                                *May 23, 2023*
Counsel for Plaintiff(s)                                  Date

*/s/ Casey T. Wallace*                                   *May 23, 2023*
Counsel for Defendant(s)                                  Date